UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

 Plaintiff,

 – against –

RAYMOND WHITE,

 Defendant.

**OPINION & ORDER**

21-cr-660 (ER)

Ramos, D.J.:

Before the Court is Raymond White's motion to modify the January 21, 2022, amended protective order entered in this case to provide him with "full access to all case materials" for the purpose of filing a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.  Doc. 119 at 2.  For the reasons set forth below, the motion is DENIED without prejudice.

## I.    BACKGROUND

The motion pertains to White's conviction for fraud-related offenses in connection with a defense contract between Kochendorfer Group USA, Inc. ("Kochendorfer") and the DC Army National Guard ("DCARNG").  Doc. 69 at 1–6; Doc. 109 at 1–2. Kochendorfer is a purported construction and general contracting company based in New York City.  *See* Doc. 103 at 5.  White served as founder, president, and chief executive officer of Kochendorfer.  *Id.*  On behalf of Kochendorfer, White submitted a bid to the DCARNG for a contract to build a training facility at Joint Base Andrews, Maryland.  *Id.* In support of his submission, White produced, among other things, financial statements, an accounting report, and questionnaire responses to the DCARNG (the "Pre-Award and Guarantee Submissions").  *Id.* at 6.  The Pre-Award and Guarantee Submissions contained false descriptions of White, his company's background, and his company's finances.  *Id.* at 8–9.  This information impacted the DCARNG's background checks and its assessment

of whether Kochendorfer was a "responsible" contractor capable of performing the contract. *Id.* at 6. White also utilized the social security number and signature of another individual to submit the documents. *Id.* at 14–15. In reliance on the false information submitted, DCARNG awarded White the contract on September 30, 2019. *Id.* at 6. The contract was for $4,801,000. *Id.*

On October 23, 2019, White obtained a performance and payment bond for the contract from a surety, but the bond was conditional on White's acquisition of a Small Business Administration ("SBA") guarantee. *Id.* at 7. White applied to obtain an SBA guarantee on October 31, 2019. *Id.* at 7–8. In connection with the application, White included balance sheets from the accounting firm Rosen Dryerman, an "Independent Accountants' Report" from the accounting firm Grant Thorton, personal history statements, and a resume, but the documents and information were determined to be either fabricated or false. *Id.* at 8–10.

On July 20, 2021, White was charged by a criminal complaint in the Southern District of New York with major fraud and wire fraud. *See* Doc. 1 at 1–3. White was initially indicted on October 28, 2021. Doc. 10. The Court entered a protective order on consent of parties on November 17, 2021, Doc. 17, which was amended on January 21, 2022, Doc. 23. The amended protective order covered the discovery material produced to White, which included commercially sensitive information and government documents. *See* Doc. 23 at 1–3. Among other things, the amended protective order only permitted White to review certain discovery material designated as "Sensitive Disclosure Material" or "Commercially Sensitive Material" in the presence of his defense counsel or personnel for whose conduct defense counsel was responsible. *See id.* at 3–4. These materials were required to stay in defense counsel's possession for the duration of the case and then be returned or destroyed "within 30 days of the expiration of the period for direct appeal from any verdict . . .; the period of direct appeal from any order dismissing any of the charges . . .; or the granting of any motion made on behalf of the Government dismissing

2

any charges . . ., whichever date is later." *Id.* at 4. The order did not terminate at the conclusion of the case, and the Court retained jurisdiction to enforce the order after the case concluded. *See id.* at 5.

On January 19, 2023, White was charged in a six-count superseding indictment with major fraud, wire fraud, aggravated identity theft, making false statements, and preparing false documents. Doc. 69. White pleaded guilty to all counts on February 21, 2023. *See* Doc. 93 at 33–34. On December 19, 2023, the Court sentenced White to sixty months of imprisonment, three years of supervised release, forfeiture in the amount of $273,176.90, restitution in the amount of $239,445.39, and a $600 special assessment. *See* Doc. 109 at 3–8.

White appealed his sentence to the Second Circuit. *See* Doc. 110. White argued that the Court incorrectly calculated the loss amount under the Sentencing Guidelines, that the Court erred in finding a factual basis for White's plea to aggravated identity theft, and that his defense counsel was ineffective for failing to object to the factual basis for the aggravated identity theft plea. Doc. 118 at 2. The Second Circuit affirmed the Court's judgment on July 9, 2025. *Id.*

The instant motion was filed *pro se* on August 15, 2025. *See* Doc. 119 at 2. White requests modification of the amended protective order and full access to all case materials, including the materials designated confidential. *See* Doc. 119 at 2. He argues that the discovery is needed to assert claims under 28 U.S.C. § 2255 to challenge the loss calculation at sentencing, potential *Brady* violations, and other prosecutorial misconduct. *See id.* at 3. The Government opposed the motion on August 22, 2025, interpreting the motion as a request for both modification of the amended protective order and post-conviction discovery. *See* Doc. 121 at 1. White filed a reply in further support of his motion on October 28, 2025. *See* Doc. 123 at 5–8.

## II.    DISCUSSION

Although White initially styled the motion as a "motion to modify [the] protective order," the Court finds that the motion is substantively a motion for post-conviction discovery. *See* Doc. 119. White acknowledges in his reply that the motion seeks "post-conviction discovery under Rule 6" of the Rules Governing § 2255 Proceedings. *See* Doc. 123 at 5, 7. Indeed, White explicitly requests the materials covered by the protective order to "prepare and file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255." Doc. 119 at 2. Thus, the Court construes the motion as a request for post-conviction discovery.

White argues that post-conviction discovery is necessary for a future 28 U.S.C. § 2255 petition that will "assert multiple claims," including challenges to the loss calculation at sentencing and unspecified prosecutorial misconduct.[1] *See* Doc. 119 at 3. In response, the Government asserts that he is not entitled to post-conviction discovery for his sentencing challenge because the loss amount for the Sentencing Guidelines was already litigated and resolved on appeal, and the issue is procedurally barred in future motions. *See* Doc 121. at 4–5. The Government further argues that White has alleged only hypothetical grounds for a § 2255 claim and does not come forward with specific evidence or allegations to support his request for discovery. *Id.* at 5.

Whatever the merits of the Government's arguments, the Court declines to consider them because the issue is not ripe. A party does not have a right to post-conviction discovery until the petition is filed, and White never filed a motion under 28 U.S.C. § 2255. *See United States v. Alaga*, 99 F.3d 400 (2d Cir. 1995) (holding that a defendant needed to file a § 2255 petition to qualify as a "party" able to invoke discovery); *see also United States v. Yang Chia Tien*, 638 F. App'x 19, 25 (2d Cir. 2015) (finding that the right to discovery for a habeas petitioner arises only after filing). Thus, White's request is premature. *See United States v. Kendrick*, No. 10 Cr. 6096 (FPG),

---

[1] In his reply, White also suggests that he intends to bring an ineffective assistance claim. Doc. 123 at 7.

2022 WL 1819390, at *2 (W.D.N.Y. June 3, 2022) (declining to address modification of a protective order until the defendant filed a habeas petition). The motion is therefore denied without prejudice.

To be sure, in bringing his motion, White asserts that he needs the discovery to file his forthcoming petition in the first instance. Doc. 119 at 2, 3. But, contrary to White's assertions, his proposed habeas petition need not rely on documentary evidence when filed. *See Kendrick*, 2022 WL 1819390, at *2 (observing that habeas petitioners do not need to "fully substantiate their petition with documentary evidence at the time of filing"). White can allege the claims of error "generally." *See United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) ("A § 2255 motion need only set forth the movant's claims of error generally."); Rules Governing Section 2255 Proceedings, Rule 2(b) (stating that a motion must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground").

If White brings his petition, he may then file a motion for post-conviction discovery. To prevail on that motion, the Court notes that White will be required to demonstrate "good cause" for his entitlement to discovery. *Lewal v. United States*, 152 F.3d 919, 1998 WL 425877, at *2 (2d Cir. June 9, 1998) (unpublished summary order). White can demonstrate good cause by presenting "specific allegations" that "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Generalized statements concerning the potential existence of discovery material do not establish "good cause." *See Green v. Artuz*, 990 F. Supp. 267, 271 (S.D.N.Y. 1998); *see also Gonzalez v. Bennett*, No. 00 Civ. 8401 (VM), 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001). Instead, White should provide specific evidence that shows how the requested discovery supports the claims in his petition. *See Ruine v. Walsh*, No. 00 Civ. 3798 (RWS), 2005 WL 1668855, at *7 (S.D.N.Y. July 14, 2005) (denying discovery when the defendant failed to make an effort

5

to show how the requested materials corroborated his claims); *see, e.g., Fulton v. Graham*, 802 F.3d 257, 266 (2d Cir. 2015) (finding that sworn assertions were sufficient to demonstrate entitlement to relief for further discovery). In addition, White should "specifically identify which materials and/or exhibits he is requesting" in post-conviction discovery. *Kendrick*, 2022 WL 1819390, at *2; *see also* Rules Governing Section 2255 Proceedings, Rule 6(b) ("The [discovery] request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.").

If White can show that he is entitled to post-conviction discovery, the Court will then consider whether and to what extent the amended protective order should be modified to allow him access to the discovery he seeks. In doing so, the Court will apply the dictates of Federal Rule of Criminal Procedure 16(d)(1), under which a court may, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *See United States v. Calderon*, No. 15 Cr. 25 (JCH), 2017 WL 6453344, at *2 (D. Conn. Dec. 1, 2017). The Court notes in that regard that there is a "strong presumption against the modification of [a] protective order[]" if the parties to a protective order have reasonably relied on it, *id.* at *3, and that courts consider the following factors to determine reliance: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 255 F.R.D. 308, 318 (D. Conn. 2009). If reliance is shown and the presumption applies, then the protective order will not be modified "absent a showing of improvidence in the grant of [the order] or some extraordinary circumstance or compelling need." *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291, 296 (2d Cir. 1979).

However, as the motion for modification of the amended protective order is not properly before the Court, the Court does not need to assess whether White demonstrated an extraordinary circumstance or compelling need for modification.

## III.   CONCLUSION

The motion is denied without prejudice.  The Clerk of the Court is respectfully requested to terminate the motion.  Doc. 119.

It is SO ORDERED.

Dated:   February 27, 2026
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.